**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Faye T. Pantazelos,<br><br>       Debtor. | Chapter 13 Case No. 15-08916<br><br>Judge: Honorable Jack B. Schmetterer<br><br>Trustee: Tom Vaughn |
| In re:<br><br>Faye T. Pantazelos,<br><br>       Plaintiff,<br><br>v.<br><br>J. Kevin Benjamin, Theresa Benjamin, and Benjamin Brand LLP<br><br>       Defendants. | **ADVERSARY PROCEEDING**<br><br>Adversary Case No. 15-A-00314<br><br>Judge: Honorable Jack B. Schmetterer<br><br>**NOTICE AND DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT WITH PREJUDICE PURSUANT TO FRCP 12(b)(6) and 12(b)(1)** |

**NOTICE AND DEFENDANT'S MOTION TO DISMISS**
**ADVERSARY COMPLAINT WITH PREJUDICE**
**PURSUANT TO FRCP 12(b)(6)**
**AND FRCP 12(b)(1)**

**PLEASE TAKE NOTICE** that on **Friday**, **August 14, 2015 at 10:30 a.m.**, or as soon thereafter as Counsel may be heard, I shall appear before the Honorable Jack B. Schmetterer, or any such other Judge Presiding in his stead, in Courtroom **682,** of the Everett McKinley Dirksen United States Courthouse, located at 219 S. Dearborn Street, Chicago, Illinois 60604, and shall then and there present the attached **Defendants motion to dismiss the Adversary Complaint with prejudice pursuant to FRCP 12(b)(1) and 12(b)(6)** a true and correct copy of which is attached hereto and served upon you herewith by this Notice.  You may appear if you choose.

Dated this 27th Day of July, 2015        Respectfully submitted,

                                                        Benjamin | Brand LLP

                                                        Attorney for Defendants

                                                        By: /s/ J. Kevin Benjamin
                                                        Attorney for Defendants

J. Kevin Benjamin, Esq.
Benjamin | Brand LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100
ARDC #: 6202321

## CERTIFICATE OF SERVICE

    I, the undersigned, an attorney, certify and state pursuant to Local Rule 9013-3(d) a Notice and Motion was filed on the 27th day of July, 2015, and served on all Parties identified as Registrants, on the date this notice was filed electronically with the Clerk of the U.S. Bankruptcy Court, through the Court's Electronic Notice of Registrants.

Dated this 27th Day of July, 2015        Respectfully submitted,

                                                        Benjamin | Brand LLP

                                                        Attorney for Defendants

                                                        By: /s/ J. Kevin Benjamin
                                                        Attorney for Defendants

J. Kevin Benjamin, Esq.
Benjamin | Brand LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100
ARDC #: 6202321

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Faye T. Pantazelos,<br><br>        Debtor. | Chapter 13 Case No. 15-08916<br><br>Judge: Honorable Jack B. Schmetterer<br><br>Trustee: Tom Vaughn |
| In re:<br><br>Faye T. Pantazelos,<br><br>        Plaintiff,<br><br>v.<br><br>J. Kevin Benjamin, Theresa Benjamin, and Benjamin Brand LLP<br><br>        Defendants. | **ADVERSARY PROCEEDING**<br><br>Adversary Case No. 15-A-00314<br><br>Judge: Honorable Jack B. Schmetterer<br><br>**DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT WITH PREJUDICE PURSUANT TO FRCP 12(b)(6) and 12(b)(1)** |

**DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT**
**WITH PREJUDICE PURSUANT TO FRCP 12(b)(6) and FRCP 12(b)(1)**

NOW COMES J. Kevin Benjamin, individually, Theresa Benjamin, individually and Benjamin Brand LLP (and collectively the "Defendants" or "Movant"), by and through their undersigned counsel, and who hereby respectfully moves this honorable court to enter an order dismissing Plaintiff's Adversary Complaint with prejudice pursuant to FRCP 12(b)(6) and FRCP 12(b)(1). . In support of this motion (the "Motion"), the Movant respectfully states to the Court as follows:

**I.   BACKGROUND**

3

1. On March 13, 2015, the above-captioned Debtor filed a Chapter 13 petition through her counsel, under case number 15-08916.

2. On May 12, 2015, the above-captioned Plaintiff filed the above captioned Adversary Proceeding, ("AP-1") through her counsel, case number 15-A-00314.

3. On May 21, 2015, the above-captioned Plaintiff, through her counsel, filed and amended Complaint in the above captioned Adversary Proceeding, ("AP-2" or "Complaint").

## I. RELIEF REQUESTED

By this Motion to Dismiss, Defendants seek the dismissal, with prejudice, of all claims and causes of action set forth in the Complaint. In the first instance, the claims should be dismissed pursuant to Federal Rule of Civil Procedure (12(b)(1). In the second instance, if any claims survive the initial grounds for dismissal, those claims should be dismissed pursuant to Federal Rule of Civil Procedure (12(b)(6).

### A. The Complaint Should be Dismissed Pursuant to Rule 12(b)(1) Because the Plaintiff Lacks Standing to Prosecute the Complaint Against the Defendants

4. The doctrine of standing is, "an essential and unchanging part of the case-or-controversy requirement of Article III" of the Constitution." *Perry v. Village of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Standing implicates the Court's subject matter jurisdiction and is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Perry*, 186

F.3d at 829 ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues."). Lack of standing may be asserted in a motion to dismiss under Rule 12(b)(1). *See West v. H & R Block Tax Servs., Inc.*, No. 03-C-4289, 2003 WL 22995158, at *2 (N.D. Ill. Dec. 15, 2003) ("Standing is typically challenged as a jurisdictional matter via a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).").

5. Faye Pantazelos, as Plaintiff, has the affirmative burden to establish her standing by a preponderance of the evidence. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). In order to carry this burden, the Plaintiff must prove that the Plan, pursuant to applicable law, vested it with the necessary authority to assert the causes of action alleged in the Complaint against these Defendants. *See P.A. Bergner & Co. v. Bank One, Milwaukee, N.A. (In re P.A. Bergner & Co.)*, 140 F.3d 1111, 1117 (7th Cir. 1998) ("Under the Bankruptcy Code, the debtor must specifically identify in its reorganization plan the claims it wishes to pursue post-confirmation."). Accordingly, Plaintiff only has legal standing to assert claims and causes of action that were specifically identified and retained in the Plan. *See id*.

### i. The Plaintiff Only has Standing to Pursue the Causes of Action "Specifically Identified" and Retained in a CONFIRMED Plan

6. Section 1322 of the Bankruptcy Code states that a plan may provide for the "vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or any other entity" 11 U.S.C. § 1322(b)(9). Section 1327 of the Bankruptcy Code states that a plan may provide for the "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor" 11 U.S.C. § 1327(b). There is no automatic blanket reservation of causes of action allowed in a Chapter 13

plan.

7. A particular cause of action is retained in a plan only if the reservation is express and the cause of action "specifically identified" (the "Specific Identification Requirement"). *See D&K Props. Crystal Lake v. Mut. Life Ins. Co. of NY*, 112 F.3d 257, 261 (7th Cir. 1997). The Seventh Circuit has expressly rejected blanket reservations of causes of action because they fail the Specific Identification Requirement. *Id.* For example, in *D&K Properties*, the plan language at issue stated that "all causes of action existing in favor of the Debtor" were transferred to a post-confirmation agent. *Id.* at 260. This attempted blanket reservation was ineffective because "**the claim sought to be reserved was not identified in the reservation. The identification must not only be express, but also the claim must be specific**." *Id.* at 261 (emphasis added). Thus, the Seventh Circuit has made clear that in order to successfully retain a cause of action, a plan must specifically identify the particular claim to be retained. This Specific Identification Requirement is consistent with the growing trend of Circuit decisions and other case law requiring plans to specifically identify both particular claims preserved and the defendant against which the claim is to be asserted. *See Dynasty Oil and Gas v. Citizens Bank (In re United Operating, LLC)*, 540 F.3d 351 (5th Cir. 2008) (holding that the reservation of the right to pursue action must be specific and unequivocal); *see also In re W. Integrated Networks, LLC*, 322 B.R. 156, (Bankr. D. Colo. 2005); *Browning v. Levy*, 283 F.3d 761, 774-75 (6th Cir. 2002); *In re G-P Plastics, Inc.*, 320 B.R. 861 (E.D. Mich. 2005).

8. In the present case, the Chapter 13 Plan failed to preserve any of the causes of action asserted in the Complaint against these Defendants contrary to the Specific Identification Requirement. The Plan contains no language at all discussing retention of causes of action, and that thus the Plan does not specifically identify any causes of action

1 against Defendants (or any other third party). *See* Plan § G (Special Terms). Importantly, the
2 Plan, does not list the causes of action as alleged in the Complaint against these Defendants as
3 property of the estate that will vest in the debtor at confirmation of the plan nor does
4 the Plan list the causes of action as alleged in the Complaint against these Defendants as
5 being reserved in the Plan. That failure is critical because through the Plan, the Debtors and
6 the estates recognized the Specific Identification Requirement. The Plan does not identify and
7 seek to preserve any avoidance actions against these Defendants, or any causes of action
8 against these Defendants. Because Seventh Circuit precedent mandates that specific
9 identification of causes of action is required and the Complaint fails to allege any identified
10 and preserved cause of action against the Defendants, Plaintiff lacks standing and the
11 Complaint should be dismissed. *See D&K Props.,* 112 F.3d at 261.
12 
13 9. In the present case, the Chapter 13 Plan has not been confirmed and is likely
14 to not be confirmed as currently there are numerous objection to confirmation and motions to
15 dismiss pending that will be heard at the August 12, 2015 confirmation hearing. As the Plan has
16 not been confirmed any property of the estate of the debtor has NOT vested into the Plaintiff who
17 is the debtor and thus the Plaintiff lacks standing and the Complaint should be dismissed.

     ***ii. Only the Chapter 13 Trustee presently has Standing to bring any***
      ***cause of action on behalf of the Debtor and of the Estate***

10. Section 547 of the Bankruptcy Code states that "the Trustee may avoid any transfer of an interest of the debtor in property" 11 U.S.C. § 547(b). Section 550 of the Bankruptcy Code states that to the extent that a transfer is avoided under section 547, "the Trustee may recover, for the benefit of the estate, the property transferred" 11 U.S.C. § 550(a).

11. In the present case, the Chapter 13 Trustee is the Office of Tom Vaughn and the

Chapter 13 Trustee has examined the Plaintiff debtor at the initial meeting of creditors, has

7

reviewed the schedules, documents, chapter 13 plan, and allegations of the Plaintiff against these Defendants and the Trustee has not indicated that any valid cause of action as alleged in the Complaint, or any valid cause of actions, against these Defendants, exits in good faith. As the Trustee is the proper party with standing to bring the causes of action alleged by Plaintiff in the Complaint (except as otherwise stated herein) and thus the Plaintiff lacks standing and the Complaint should be dismissed.

      **B.**    **The Complaint Should be Dismissed Pursuant to the Supreme Court's Decision in *Stern v. Marshall***

12. The Supreme Court's recent analysis of the jurisdictional limitations of the bankruptcy courts in *Stern v. Marshall* compels the conclusion that this Court lacks subject matter jurisdiction to resolve the Plaintiff's preferential transfer claims. *See Stern v. Marshall*, 131 S. Ct. 2594 (2011). Accordingly, as set forth below, this Court should dismiss this entire adversary proceeding with prejudice.

13. The Supreme Court held that bankruptcy courts "lack[] the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." *Id.* at 2620. The key distinction in *Stern* was that the debtor's claim (i) functioned only to augment the estate and (ii) was independent of the claims allowance process. *See id.* at 2616. According to *Stern*, the basis for this distinction is found in the Supreme Court's decisions in *Katchen* and *Langenkamp*. *See id.* at 2616-19 (citing *Katchen v. Landy*, 382 U.S. 323 (1966); *Langenkamp v. Culp*, 498 U.S. 42 (1990) (*per curiam*)). In *Katchen*, the Supreme Court found that the bankruptcy court had jurisdiction to resolve a debtor's preference action against a creditor—who had previously filed a proof of claim—because "it was not possible for the [bankruptcy] referee to rule on the creditor's

proof of claim without first resolving the voidable preference issue." *Id.* at 2616 (citing *Katchen*, 382 U.S. at 329-330, 332-334, and n. 9). Likewise, in *Langenkamp*, the Supreme Court determined that "a preferential transfer claim can be heard in bankruptcy when the allegedly favored creditor has filed a claim, because then the ensuing preference action by the trustee become[s] ***integral to the restructuring of the debtor-creditor relationship***."" *Id.* at 2617 (quoting *Langenkamp*, 498 U.S. at 44) (emphasis added). *Langenkamp* cautioned, however, that if the creditor had "not filed a proof of claim, the trustee's preference action [would] *not* become part of the claims-allowance process" subject to resolution by the bankruptcy court." *Id.* (quoting *Langenkamp*, 498 U.S. at 45). In the present proceeding, neither of the Defendants filed any proof of claim against the alleged transferor debtor, the Plaintiff, Faye Pantazelos. Furthermore, neither Defendant has any pending proof of claim or claim allowance matter in these cases. Accordingly, this dispute does not involve the claim allowance process.

### C.    *STERN* COMPELS THE DISMISSAL OF THIS ADVERSARY PROCEEDING

14.    Although *Stern's* specific focus was upon the bankruptcy court's jurisdiction to resolve a tortious interference counterclaim, the decision's language requires bankruptcy courts to consider whether they have constitutional jurisdiction to issue final judgments in all pending core proceedings under 28 U.S.C. § 157(b)(2). *See also Warth v. Seldin*, 422 U.S. 490, 498 (1975).

#### i.    *The Court Lacks Jurisdiction Over the Preference Claim*

15.    *Stern*, *Langenkamp*, and *Katchen* establish that this Court lacks jurisdiction

to resolve the Plaintiff's preference action. *Langenkamp* and *Katchen* hold that a bankruptcy court is authorized to resolve a preference claim when the claim is inextricably linked to the resolution of a creditor's proof of claim. This authority is founded upon the bankruptcy court's role in overseeing and adjudicating disputes concerning the claims allowance process. However, when the defendant in a preference lawsuit has "not filed a proof of claim, the trustee's preference action [would] *not* become part of the claims-allowance process" subject to resolution by the bankruptcy court." *Stern*, 131 S. Ct. at 2617 (quoting *Langenkamp*, 498 U.S. at 45) (emphasis original).  A preference action that is unrelated to the claims allowance process functions solely to augment the bankruptcy estate. The holding in *Stern* requires that such claims, which only involve private rights, must be adjudicated by Article III courts.

16. The Defendants in this case have not filed a proof of claim against the alleged transferor debtor's estate. The preference cause of action does not involve the claim allowance process. Instead, the Plaintiff's preference action seeks only to augment the bankruptcy estate. Accordingly, this Court lacks subject matter jurisdiction to resolve the Plaintiff's preference action.

### D. DISMISSAL IS PROPER SINCE THE COURT ALSO LACKS AUTHORITY TO ISSUE PROPOSED FINDINGS TO THE DISTRICT COURT

17. Finally, because the Court lacks jurisdiction to resolve the Plaintiff's preferential transfer claim, the proper remedy is dismissal. The Court would be in error to retain jurisdiction over this Adversary for the purpose of submitting proposed findings of fact and conclusions of law to the district court since, under 28 U.S.C. § 157(c)(1), bankruptcy courts are only authorized to submit proposed findings of fact and conclusions of law in *non-core*, "related to" proceedings. There is no equivalent statutory authorization for a

bankruptcy court to submit proposed findings of fact and conclusions of law in *core* proceedings. *See* 28 U.S.C. § 157(b)(1).

### E. IN ADDITION, ANY PORTION OF THE COMPLAINT THAT SURVIVES, SHOULD BE DISMISSED PURSUANT TO RULE 12(B)(6) AND THE SUPREME COURT'S DECISIONS IN *TROMBLY* AND *IQBAL* BECAUSE IT FAILS TO COMPLY WITH THE APPLICABLE PLEADING STANDARDS

#### i. *Motion to Dismiss Pleading Standards After* Twombley *and* Iqbal

18. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twomby*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (quoting *Bell Atl*., 550 U.S. at 556). In ruling on a motion to dismiss, the court must accept all well-pleaded facts as true and construe the allegations of the complaint in the light most favorable to the plaintiff. *Tamayo v. Blagojevich*, 526. F.3d 1074, 1081 (7th Cir. 2008). Dismissal is appropriate only if it is clear in the pleadings that no set of facts could be proven in support of the plaintiff's claims that would entitle him to the relief requested. *Panarus v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 791 (7th Cir. 1996).

19. In addition, the Court should dismiss the Complaint because it fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6); Bankruptcy Rule 7012. The Rule 12(b)(6) portion of this Motion to Dismiss challenges the legal feasibility

11

of the Complaint, and "[t]o survive a motion to dismiss, **a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"** *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). The Supreme Court held that this rule applies "in all civil actions and proceedings in the United States district courts." *Iqbal*, 129 S. Ct. at 1953. This "plausible on its face" standard, as established by the Supreme Court in *Twombly* and *Iqbal*, is more rigorous than previous pleading standards applicable in federal courts, and the Supreme Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *see Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[C]ourts should not accept as adequate abstract recitations . . . or conclusory legal statements.").

20. While well-pleaded factual allegations are taken as true at this stage of a suit, legal conclusions are not entitled to such a presumption. *Iqbal*, 120 S. Ct. at 1949. To comply with Supreme Court and Seventh Circuit requirements, the Complaint here must contain adequate factual allegations establishing a facially plausible claim and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* As the Seventh Circuit has stated, "We understand the Court in *Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims, that they must do more." *Brooks,* 578 F.3d at 581.

21. Consequently, numerous bankruptcy courts have applied the

*Twombly/Iqbal* standard as the basis for dismissing adversary proceedings for failure to plead adequate facts and for merely setting out a formulaic recitation of statutory elements. *See, e.g., Mervyn's LLC v. Lubert-Adler Group IV LLC (In re Mervyn's Holding LLC)*, 426 B.R. 96, 106 (Bankr. D. Del. 2010); *Walker v. Sonafi Pasteur Ltd. (In re Aphton Corp.)*, 423 B.R. 76 (Bankr. D. Del. 2010) (dismissing a preference and fraudulent transfer complaint based in part on unsupported "blanket assertions" contained therein); *Official Comm. of Unsecured Creditors v. Blomen (In re Hydrogen LLC)*, 431 B.R. 337, 355 (Bankr. S.D.N.Y. 2010) (dismissing a preference complaint because it did not include relevant facts such as "date, amount, or type of transfer").

22. This emerging case law based on the Supreme Court''s *Twombly* and *Iqbal* opinions requires that at a minimum, complaints (i) identify the transferor(s) involved in making allegedly avoidable transfers, *see Angell v. BER Care Inc. (In re Caremerica Inc.)*, 409 B.R. 737, 751 (Bankr. E.D.N.C. 2009); *Feltman v. Keybank N.A. (In re Levitt and Sons, LLC)*, No. 09- 2273-BKC-RBR-A, 2010 WL 1539878, at *2 (Bankr. S.D. Fla. April 16, 2010); (ii) provide relevant detail regarding the date, amount and identity of the alleged transfers, *see In re Hydrogen*, 431 B.R. at 355; and (iii) identify a specific antecedent debt owed by the debtor to the defendant at the time of the transfer, *see id*. Even a cursory read of the present Complaint reveals that it fundamentally fails to meet these legal requirements.

23. The context of Count I of the Amended Complaint is the avoidance of preferential transfers under Bankruptcy Code section 547. The Seventh Circuit instructs that section 547: provides that a trustee may avoid any transfer of an interest in property of the debtor if the transfer meets five requirements. The transfer must be: (1) to or for the benefit of the creditor; (2) for or on account of an antecedent debt owed by the debtor before

such transfer was made; (3) made while the debtor was insolvent; and (4) made within 90 days before the date of filing the petition. The fifth requirement, 11 U.S.C. § 547(b)(5) limits the scope of a trustee's [449 B.R. 780] ability to recoup transfers to those which: enable[ ] such creditor to receive more than such creditor would receive if—

   (A) the case were a case under chapter 7 of this title;

   (B) the transfer had not been made; and

   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

24.    § 547(b)(5) provides that a trustee may avoid any payment by the debtor that conferred upon the recipient a benefit greater than a similarly situated creditor would have received in a hypothetical chapter 7 liquidation executed on the date of the bankruptcy petition. In other words, when the trustee brings a § 547(b) preference suit, the court is required to determine what each creditor would have received if the estate was liquidated and distributed to the creditors as provided in chapter 7 on the date that the bankruptcy petition was filed, and whether the creditor in question received more than his fair share.

25.    *In re Superior Toy & Mfg. Co., Inc.,* 78 F.3d 1169, 1171 (7th Cir.1996) (internal citations omitted); *see also In re Energy Co-op. Inc.,* 832 F.2d 997, 999 (7th Cir.1987) ("The Bankruptcy Code's avoidable preference provision, 11 U.S.C. § 547(b), allows a bankruptcy trustee to recover certain transfers a debtor made before he filed a petition in bankruptcy"); *Freeland v. Enodis Corp.*, 540 F.3d 721, 737 (7th Cir.2008).

26.    Of particular concern here is the requirement that in order to be avoided, the subject transfer must have been made for or on account of an antecedent debt owed by the debtor before such transfer was made. "An antecedent debt exists when a creditor has a claim against the debtor, even if the claim is unliquidated, unfixed, or contingent." *Warsco v. Preferred*

14

*Technical Group*, 258 F. 3d 557, 569 (7th Cir.2001). The allegations of a preference avoidance complaint therefore must plausibly suggest, among other things, that an antecedent debt was owed by the debtor. The terms "owed by the debtor" were explained by Judge Gonzalez in the *Enron* case:

Warsco v. Preferred Technical Group, 258 F. 3d 557

**F.     Counts II & III of the Complaint Should be Dismissed Because the Plaintiff has No Standing to Bring Non-Disclosed Claims Against the Defendants**

27.     The duty to disclose potential claims is wide and continuing, and covers all potential claims, even if the debtor does not know all of the facts or the legal basis for the cause of action. *Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*, 932 F.Supp. 859, 867 (E.D. Tex. 1996). If the claim was not disclosed on the schedules, it cannot be released back to the debtor on discharge, but remains the property of the bankruptcy estate with the trustee having exclusive standing to assert the claim. *Parker v. Wendy's Int'l, Inc.*, 365 F3d 1268, 1272 (11th Cir. 2004); *Kirk v. Pope*, 973 So.2d 981, 989 (Miss. 2007); *In re Educators Group Health Trust*, 25 F.3d 1281, 1288 (5th Cir. 1994), cert. denied 489 U.S. 1079 (1989); *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988); *Stein v. United Artists Corp.*, 691 F2d 885, 891 (9th Cir. 1982).

28.     The trustee's exclusive standing to assert the claim is jurisdictional and cannot be waived or subject to agreement by parties. Indeed, in *Weiberg v. GTE Southwest, Inc.*, the Fifth Circuit Court of Appeals refused to validate a settlement agreement between the bankruptcy trustee and the debtor. 272 F.3d 302 (5th Cir. 2001). Similarly, the Seventh Circuit Court of Appeals was also not persuaded by a "stipulation" entered into between the debtor and the trustee to permit the debtor to pursue the claims subject to turning over the first $7,000 of any recovery for creditors'

benefit – the court called the debtor an "interloper" with no standing and affirmed dismissal of the case. *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410 (7th Cir. 2006).29.

29. In addition, the Court should dismiss this count of the Complaint because it fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6); Bankruptcy Rule 7012., **A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"** *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

30. In the Complaint the Plaintiff states she was a debtor in Chapter 13 case No. 13 B 29200 filed July 22, 2015 and that the Debtor had previously filed a Chapter 11 under case No. 13 B 01419 filed on January 15, 2013 (see paragraphs # 6 and # 9 of the Complaint). Count II of the Complaint alleges an action for Recovery of Money Owed the Estate.

### G. Counts III of the Complaint Should be Dismissed Because the Plaintiff has No Standing to Bring Non-Disclosed Claims Against the Defendants

31. Count III of the Complaint alleges an action for Debtors Transactions with Attorneys related to the Chapter 11 filing in January of 2013. However in the Plaintiff made no claim in that case as to the value of the services of J. Kevin Benjamin and further subsequently hired J. Kevin Benjamin for representation in a Chapter 13 case referenced in the Complaint and filed on or about July 22, 2013. In that Chapter 13 filing the Plaintiff, who was the debtor, made no claim on her schedules as to the value of J. Kevin Benjamin's services and in fact retained J. Kevin Benjamin for representation and paid J. Kevin Benjamin for services related to representation in her Chapter 11 even after the Chapter 11 was dismissed and subsequent to the retainer paid prior to the filing of the Chapter 11.

32. Further in the present Chapter 13 of the Plaintiff, who is also the debtor, no claim in relation to the representation or services in the prior Chapter 11 case have been made or alleged against any of the Defendants, nor has any claim been reserved in the Plan, nor does the Plan even reference any allege claim by the Plaintiff related to the Chapter 11.

33. In addition, the Court should dismiss this count of the Complaint because it fails "to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6); Bankruptcy Rule 7012., **A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"** *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

1.

34. In the present case, the Plaintiff does not even allege any authority to bring this cause of action nor does it allege any jurisdiction of the court to bring the cause of action by Plaintiff against these Defendants. Furthermore under Bankruptcy Rule 7011 related to adversary proceedings, this count does not relate to any cause of action that can be brought by adversary proceeding and Plaintiff does not even try to make that claim. Thus Count III of the Complaint should be dismissed against all Defendants.

WHEREFORE, Movant respectfully requests that the Court enter the attached proposed order granting this Motion; and such other and further relief as the nature of this case may require as is just.

Dated this 27th Day of July, 2015          Respectfully submitted,

                                              J. Kevin Benjamin, Individually

                                              By: /s/ J. Kevin Benjamin

J. Kevin Benjamin, Esq.
Benjamin | Brand LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100
ARDC #: 6202321