**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | **A CHAPTER 13 PROCEEDING** |
| Faye T. Pantazelos, | Case No. 15-08916 |
| Debtor. | Judge: Honorable Jack B. Schmetterer |
| | Trustee: Tom Vaughn |
| In re: | **ADVERSARY PROCEEDING** |
| Faye T. Pantazelos, | Adversary Case No. 15-A-00314 |
| Plaintiff, | Judge: Honorable Jack B. Schmetterer |
| v. | *Motion To Extend time set for Friday 11/13/2015 @10:00 am in courtroom 682* |
| J. Kevin Benjamin, Theresa Benjamin, and Benjamin Brand LLP | *Hearing on Defendants Motion To Dismiss the Adversary Complaint Scheduled for Thursday 11/19/2015 @ 10:30 am in courtroom 682* |
| Defendants. | |

**DEFENDANTS REPLY TO PLAINTIFF'S RESPONSE**
**TO DEFENDANTS MOTION TO EXTEND TIME**

   NOW COMES J. Kevin Benjamin, individually, Theresa Benjamin, individually and Benjamin | Brand | LLP (and collectively the "Defendants" or "Movant"), by and through their undersigned counsel, and in Reply to Plaintiff's Response to Defendants Motion To Extend Time, respectfully states to the Court as follows:

   **I.   PROCEDURAL BASIS IN SUPPORT OF REQUESTED RELIEF**

   1. Bankruptcy Rule 9006(b)(1) provides: "*when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the*

*court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."*

## II. REPLY TO RESPONSE

2. Movant filed its motion to extend time first citing the appropriate authority to which Plaintiff Responds (1) stating when the adversary was filed, when Defendants were served and when the answer was originally due to be filed.

3. Movant asserts that the motion to dismiss (1) never challenged when the adversary complaint was filed; (2) never challenged service of summons; (3) and that the original date to answer the complaint was never protested by Movant. Thus Plaintiff's main first objection is totally without merit, and irrelevant.

4. To the contrary Movant had cited Bankruptcy Rule 9006(b)(1)(1) which was the premise for Movant's original motion to extend time to plead, that contrary to Plaintiff's false attempts to mislead the court, was filed in accordance with Bankruptcy Rule 9006(b)(1).

5. In fact Plaintiff's own Response states the original time to answer or plead was June 11, 2015, and despite inferring Movant was late, actually admits in Plaintiff's own motion that Movant's motion for additional time to answer or plead, was filed within the time frame without objection from Plaintiff and in accordance with Bankruptcy Rule 9006(b)(1)(1) this honorable court granted the motion without a hearing and without prejudice to anyone.

6. Plaintiff now protests the filing of the Movants motion to dismiss the adversary complaint for obvious reasons, as Plaintiff has not plead proper causes of action. Plaintiff

states in its response that the motion to dismiss was filed 4 minutes late, upon checking that on Pacer a few minutes ago Plaintiff does appear to be correct. He fails to note that he never objected to that (and frankly until Plaintiff brought this up Movant did not even realize) and tries to imply that somehow those 4 minutes prejudiced him as if it was not obvious that on the July 28th the court was not going to enter into a briefing schedule or was somehow going to rule on the case?

7. In fact in checking the docket it appears Plaintiff himself filed a motion on April 6, 2014 and set it for a hearing on April 8, 2015 ….. that would be two days notice… (see below).

| | | | |
|---|---|---|---|
| 04/06/2015 | | 19 (4 pgs) | Amended Notice of Motion Filed by David P Lloyd on behalf of Faye T. Pantazelos (RE: 18 Motion to Extend Automatic Stay). Hearing scheduled for 4/8/2015 at 09:30 AM at 219 South Dearborn, Courtroom 682, Chicago, Illinois 60604. (Lloyd, David) (Entered: 04/06/2015) |

8. Movant never protested when his previous Reply was stricken as Movant did not have leave of Court to file the Reply. As stated in the Motion To Extend time Movant would be filing the Reply the same day (today) but did not want to file the Reply late without leave being granted by this court.

9. Plaintiff now Responds and objects due to the fact that there was a holiday in the past three days and claims that has prejudiced him. Movant Replies stating he filed the motion on short notice and in doing so, if the motion would be granted, actually (1) limited Movants time to file the Reply as Movant does not seek any additional days past the end of day, today, November 13, 2015, the same day the motion was set for.

10. Movant further Replies that the hearing is scheduled for NEXT week and since its merely a reply to Plaintiff's response the short notice still gives Plaintiff a week to read it,

3

whereas had Movant filed the motion for next week, Plaintiff may have been prejudiced. Rather Movant filed it on short notice to prejudice only himself, so to speak, if the motion to extend would be granted. This further shows Movant's good faith in noticing the motion for this morning.

11. Movant further Replies that he filed the motion to extend one day past the deadline, which Movant clearly set forth in the motion, so its not like Movant waited a week or more or requested the hearing be pushed back.

12. Plaintiff's further arguments in relation to the original Reply that was stricken are pointless and in bad faith, as it was stricken and Movant never said anything about that in it pending motion to extend, Plaintiff's objection related to a past reply is totally irrelevant pointless, and has nothing to do with the pending motion at hand.

13. Plaintiff's recital of why the court did not set a new status date on September 21 is also without merit as it has nothing to do with the pending motion as Plaintiff simply Responds and objects by stating that this court entered an order to Reply by November 9, 2015 and that fact was clearly stated in Movant's motion and in fact was the basis for the motion.

14. Plaintiff then Responds and objects inferring that Movant has again filed a Reply late and in fact Movant has NOT done so. If Movant's motion is denied there will not be a Reply but that does not make it late. If Movant's motion is granted then it will not be late as it will be filed with leave of court.

15. Plaintiff fails to claim how anything in his objection bears any relevance on any prejudice towards him or bad faith on the part of Movant.

16. In fact Movant stated the applicable authority for requesting the enlargement of time when a request is made late and said so in its motion. The "excusable neglect" is part of

that authority that Movant himself stated.

17. Plaintiff Responds and objects claiming that Movant did not claim any unavoidable disaster which is true but there is nothing in 9006(b)(1)(2) that says there needs to be some disaster?  In fact in Responding and objecting Plaintiff cites no case law, statute or authority for that baseless attack.

18. Movant contends the "excusable neglect" standard is an equitable determination that must take into account all relevant circumstances surrounding the party's omission. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).  It also is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392.  There is nothing to support Plaintiff's contention that there needs to be some sort of disaster, in fact that is not even remotely close to the standard.

19. Movant further clearly cited in its Motion the standard set by the Supreme Court which The Supreme Court approved a list of factors for courts to consider when determining whether a party's delay is a result of "excusable neglect:" (i) the danger of prejudice to the non-moving party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay; (iv) whether the delay was within the reasonable control of the movant; and (v) whether the movant acted in good faith. Id. at 395.  Movant maintains that with these factors as guideposts, its tardy Reply to Plaintiff's Response, if Movant' Motion To Extend Time shall be granted by this honorable court should be considered "excusable neglect," for the reasons set forth herein.

20. Movant contends that even though its Motion To Extend Time is filed one day after the deadline that (a) this motion is not filed in bad faith; (b) any prejudice to the Plaintiff would be minimal, if at all; (c) the length of the delay shall not impact or would have only

5

minimal impact the proceedings; and (d) Movant is filing this Motion to Extend Time in good faith and not to hinder or delay the proceedings (hearing date set for the pending motion to dismiss the Complaint).

21. In Responding and objecting Plaintiff did not even address any of the authority cited nor did Plaintiff bother to attack or Respond or object to any of Movants claims reference in paragraph 20 where Movant addressed each issue set forth by the Supreme Court.

22. As Defendants pending motion to dismiss the Complaint is otherwise fully briefed, Plaintiff will not be filing any response to the Reply, the Reply would still be filed almost one week before the court hearing scheduled for November 19, 2015 and there is no need to change the hearing date. Movant therefore suggest that its request will have minimal impact on the pending hearing date.

WHEREFORE, Movant respectfully requests that this Honorable Court enter the attached proposed order: (a) granting this Motion; (b) extending until end of day on Friday November 13, 2015 for Movant to file its Reply to Plaintiff's Response to the motion to dismiss Plaintiff's Complaint; (c) and such other and further relief as the nature of this case may require as is just.

Dated this 13th Day of November, 2015          Respectfully submitted,

                                               Benjamin | Brand | LLP
                                               By: /s/ J. Kevin Benjamin
                                               Attorney for Defendants

J. Kevin Benjamin, Esq.
Benjamin | Brand | LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100
ARDC #: 6202321

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, certify and state pursuant to Local Rule 9013-3(d) a Notice and Motion was filed on the 11th day of November, 2015, and served on all Parties identified as Registrants, on the date this notice was filed electronically with the Clerk of the U.S. Bankruptcy Court, through the Court's Electronic Notice of Registrants.

Dated this 13th Day of November, 2015

Respectfully submitted,

Benjamin | Brand | LLP

By: /s/ J. Kevin Benjamin
Attorney for Defendants

J. Kevin Benjamin, Esq.
Benjamin | Brand | LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100
ARDC #: 6202321