**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 Case No. 15-08916 |
| Faye T. Pantazelos, | Judge: Honorable Jack B. Schmetterer |
| Debtor | Trustee: Tom Vaughn |
| In re: | |
| Faye T. Pantazelos, | **ADVERSARY PROCEEDING** |
| Plaintiff, | Adversary Case No. 15-A-00314 |
| v. | Judge: Honorable Jack B. Schmetterer |
| J. Kevin Benjamin, Theresa Benjamin, and Benjamin Brand LLP. ß | |
| Defendants. | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO**
**MOTION OF DEFENDANTS TO DISMISS THE**
**AMENDED ADVERSARY COMPLAINT WITH PREJUDICE**
(Relates to Adv. Doc Nos. 14, 19 and 36)

NOW COMES J. Kevin Benjamin ("JKB"), individually, Theresa Benjamin, ("TB") individually and Benjamin Brand LLP ("BBLLP", and collectively the "Defendants" or "Movant"), in the above captioned adversary proceedings, by and through their undersigned counsel, hereby respectfully file this Reply (the "Reply") to Plaintiff's Response (the "Response") to the Motion of Defendants J. Kevin Benjamin, Theresa Benjamin and Benjamin Brand LLP to Dismiss the Amended Adversary Complaint (the "Amended Complaint") and

hereby submits its Reply to Plaintiff's Response to Defendants Motion to Dismiss and in Support of Defendant's Motion To Dismiss the Amended Complaint, in which the Movant respectfully states to the Court as follows:

**REPLY**

**Jurisdictional Issues**

**A. Defendants Motion To Dismiss Relative to FRCP 12(b)(1) Claiming Plaintiff's Lacks Standing To Prosecute the Complaint Against Defendants**
(Dismiss as to all Defendants)

*(Summary of Defendants FRCP 12(b)(1) Position is that Plaintiff has (1) failed to establish that the court has subject matter jurisdiction; and (2) failed to show any core proceeding)*

1. Fed.R.Civ.P. 8(a) expressly provides that a pleading that sets forth a claim of relief "*must* contain . . . a short and plain statement of the grounds for the court's jurisdiction." [Emphasis added.] This requirement flows from the fact that federal courts, under Article III of the Constitution, are courts of limited jurisdiction. As such, there is no presumption in favor of their jurisdiction, and a party must affirmatively demonstrate the jurisdictional basis of the claim. *Manway Construction Co. v. Housing Authority of City of Hartford,* 711 F.2d 501. 503 (2d Cir. 1983); FRCP 12(h)(3). See 2 MOORE'S FEDERAL PRACTICE §8.03[1].

2. In a Rule 12(b)(1) motion to dismiss, the party invoking the federal court's jurisdiction bears the burden of establishing that the court has jurisdiction. See, e.g., Common Cause of Pa. v. Pa., 558 F.3d 249, 257 (3d Cir. 2009). A motion to dismiss for want of subject matter jurisdiction will be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See, e.g., Calhoun v. United States, 475 F.Supp. 1, 2-3 (S.D. Cal. 1977).

3. In moving to dismiss Defendants allege Plaintiff failed to affirmatively demonstrate the jurisdictional basis of EACH claim as **Plaintiff's Complaint claimed jurisdiction over "this matter" pursuant to 28 USC §1334(b) and §1334(d)**, claiming it

2

arises under, arises in, or related to a bankruptcy case under Title 11 of the United States Code. Plaintiff failed to show how there is jurisdiction for each count. As there is no assumption of jurisdiction and Plaintiff failed to show proper jurisdiction Defendants believe the Plaintiff has no standing and the court lacks subject matter jurisdiction.

4. **IN RESPONDING** Plaintiff asserts standing to pursue claims of the bankruptcy estate and cites In Cable v. Ivy Tech State Coll., 200 F. 3d (7th Cir., 1999) and even quotes directly from that case the following section:

> *"Chapter 13 grants the debtor possession of the estate's property, 11 U.S.C. § 1306(b), which is defined by § 541 to include **"all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1)**. The phrase "legal or equitable interests ... in property" includes *473 choses in action and other legal claims that could be prosecuted for benefit of the estate. See In re Smith, 640 F.2d 888 (7th Cir.1981) ("**All causes of action become property of the estate under section 541.**"); see also Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir.1988); In re FBN Food Serv., Inc., 185 B.R. 265, 273 (N.D.Ill.1995); In re U.S. Marketing Concepts, Inc., 113 B.R. 487, 490 (Bankr.N.D.Ind.1990). The chose in action, here a discrimination case, belongs to the estate and **was being prosecuted for the benefit of its creditors**. It would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in action yet prohibit him from pursuing it for the benefit the estate."*

5. **IN REPLY:** Avoidance was never meant for the benefit of the debtor but is preserved for the estates benefit. See, e.g., In re Redditt, 146 B.R. 693, 701 (Bankr. S.D. Miss. 1992); In re Driver, 133 B.R. 476, 480 (Bankr. S.D. Ind. 1991); In re Tillery 124 B.R. 127, 128-29 (Bankr. M.D. Fla. 1991); In re Chapman, 51 BR. 663, 666 (Bankr. D.D.C. 1985).

6. **FURTHER REPLYING:** The very case that Plaintiff cites is distinguishable to the current case at hand as in *Cable* there was a claim that clearly belonged to the estate and was **being prosecuted for the benefit of the creditors**. In the Complaint, Count I claims an avoidance action for recovery of an alleged preference under § 547(b) and § $550(a). §550(a) clearly states that a "*trustee may recover, for the benefit of the estate, the property transferred ......*" Yet the Complaint filed by the Plaintiff in relation to Count I, plaintiff prays for, among

3

other things, that the "*Debtor recover from said defendants a judgment in the amount of $14,000.00 plus costs.*" Thus Plaintiff claims standing for a preference action by claiming the chapter 13 trustee would have standing for property of the estate, but the Complaint filed by Plaintiff clearly states Plaintiff is trying to recover *for the benefit of Plaintiff*.

7. **FURTHER REPLYING:** Plaintiff conveniently leaves out a very important part of the *Cable* decision. The court in *Cable*, goes on to state that the trustee may bring actions only for the benefit of the estate, rather "*plan specifically directs that the potential proceeds from Cable's Title VII claim benefit the estate and its creditors*." In the instant case Plaintiff is only attempting to benefit the Plaintiff herself, and not the creditors or the estate of the Plaintiff/Debtor. Thus by Plaintiff's own admission in its reply Plaintiff does not have proper standing to bring the claim as by Plaintiff's own admission, and the very case law and section cited by Plaintiff, a preference action in this instance would need to be prosecuted on behalf of the estate, which clearly Plaintiff is not doing. Thus Plaintiff is acting improperly, without standing, and against the very authority it cites in its Response.

*[Summary of Defendants FRCP 12(b)(1) Position as it relates to the US Supreme Court Decision in In re Stern v. Marshall, 131 S. Ct. 2594 (2011) regarding Core Proceedings]*

8. **Plaintiff alleges the Complaint initiates a core proceeding pursuant to 28 USC §§157(b)(2)(E), (F) and (O).** §157(b)(2)(E) is related to order to turn over property of the estate, §157(b)(2)(F) is related to proceedings to determine, avoid, or recover preferences; and §157(b)(2)(O) relates to other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims. Defendants moved to dismiss alleging that the Complaint had only plead to non-core proceedings as Defendant does not believe the above referenced statutory sections relate fully to the facts.

4

9.   To briefly recap Stern, the Supreme Court held that Article III of the U.S. Constitution prevents a bankruptcy court from entering a "final order" resolving a state law counterclaim against a creditor of the bankruptcy estate (when such action would not be resolved in the claim resolution process).  Even though Congress defined the action as "core" to the bankruptcy judge's authority in 28 U.S.C. § 157, the Court held that only an Article III judge (e.g., a district court judge) may enter a final order.

10.   **IN RESPONDING:**  Plaintiff refers to *In re Stern v. Marshall* (page 4 last 2 paragraphs).  First the second to last paragraph of Plaintiff's Response makes no sense and Defendant has no clue what point Plaintiff is trying to make as he quotes some cases but does not relate those quotes to any facts in dispute nor does Plaintiff give anyone a clue as to what it is specifically replying to.  The last paragraph of page 4 of Plaintiff's Response, cites *In re Kimball Hill, Inc.*, 480 B.R. 894, 900 (Bk., N.D. Ill. 2012) and states Judge Barnes had "observed" that the "number of courts who rejected a Stern challenge to the bankruptcy court's authority to enter final order on a fraudulent transfer claim is, to say the least, quite large."

11.   **IN REPLY**:  Plaintiff's quote of what he believes Judge Barnes may have "observed" is not the holding.  In fact after *Kimball Hill*, it appears the position of the U.S. Bankruptcy Court for the Northern District of Illinois is that *Stern v. Marshall* does not preclude bankruptcy judges from entering "final orders" in fraudulent transfer cases.  KHI Liquidation Trust v. Wisenbaker Builder Services, Inc. (In re Kimball Hill, Inc.), 480 B.R. 894 (Bankr. N.D. Ill. 2012).  On March 12, 2009, the bankruptcy court entered its findings of fact and conclusions of law in that case which actually SUPPORTS Defendants motion to dismiss (page 8 paragraphs 12 & 13) thus Plaintiff's Response actually winds up being non responsive.

12.   **IN RESPONDING:**   Plaintiff then goes on (page 5 first full paragraph continuing right after Plaintiff's quote of Judge Barnes) and in referring to Count II of Plaintiff's Complaint, Plaintiff says "although NOT denoted as a fraudulent conveyance claim" which

5

means Plaintiff admits in Responding that Plaintiff has set forth no facts or even claim for fraudulent conveyance.

13. **IN REPLY:** *In re Kimball Hill* was about fraudulent transfer claims, not preferential transfer claims, as Plaintiff admits in Plaintiff's Response that Plaintiff has not actually denoted or pleaded a fraudulent transfer count, the entire Response from Plaintiff on the *Stern* matter is actually not responsive at all so it appears Plaintiff has conceded the issue and that Plaintiff lacks standing, and the court lacks subject matter jurisdiction, in relation to the Complaint.

**B.　The Chapter 13 Plan Fails To Specifically Identify And Retain The Causes Of Action As Presently Alleged Against The Named Defendants In The Amended Complaint.**

14. **As established in the Motion to Dismiss,** the applicable Seventh Circuit case law requires that a plan of reorganization must "specifically identif[y]" a cause of action in order to preserve it. See D & K Prope., 112 F.3d at 261 ("The identification must not only be express, but also the claim must be specific.").

15. **IN RESPONDING:** Plaintiff (page 2 paragraph 2) simply just ignores the US Bankruptcy Code sections related to chapter 13's and just pretends it does not exist, falsely stating that there is "no counterpart to Section 1123(b)(3) under a Chapter 13, and no requirement that a debtor have a plan confirmed in order to pursue a claim." Of course Plaintiff cites not authority and just makes a conclusory statement based on some fantasy, not to mention this "response" is completely non responsive as the only response is that Plaintiff just pretends those sections of the code do not exist even when pointed out for him

16. **IN REPLY:** As Defendant set forth (page 5 paragraph 6) §1322 of the US Bankruptcy Code actually would be a counterpart and provides "vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or any other entity." Further states "Except as otherwise provided in the plan or the order confirming the plan, the

confirmation of the plan vests all the property of the estate in the debtor." §1327(b).

17. **IN RESPONDING:** Plaintiff finally acknowledges some authority cited by Defendants pointing out the "Specific Identification Requirement" as Defendant set forth in its Motion To Dismiss, which completely contradicts Plaintiffs previous Response, but then Plaintiff goes back to just making things up and states, "None of the other cases cited by Defendants apply any such requirement."

18. **IN REPLY:** Its is astonishing that Plaintiff makes that statement when starting at paragraph at the end of page 5 of the Motion to Dismiss through paragraph 9 on page 7, almost 2 pages are devoted to Defendants point and there are numerous cases cited establishing and backing up Defendants assertion that this is the accepted view of the Seventh Circuit Court. Of course Plaintiff cites ZERO authority to support his false statements, and basically in responding, when Plaintiff has no response, Plaintiff simply just makes up Plaintiff's own statements which naturally have no support or authority and do not even always make sense and contradict Plaintiff's own responses at time.

19. **FURTHER REPLYING:** Pursuant to the precedent in the Seventh Circuit Court related to specifically and expressly identifying claims in a plan of reorganization the Amended Complaint should be dismissed as none of the claims in the Amended Complaint have been expressly and specifically identified in the proposed plan.

**C.    The Complaint Should Be Dismissed Pursuant To Federal Rule Of Civil Procedure 12(B)(6) As It Fails To State A Claim Upon Which Relief Can Be Granted**    (Dismiss as to all Defendants)

20. **IN REPLY:** The Complaint sets forth 3 separate counts. Each count in a complaint must contain a separate demand for relief, which must be reasonably specific. Nevertheless, relief may be requested in the alternative or of several different types. Fed.R.Civ.P. 8(a)(3). Each request for relief is either not reasonably specific or otherwise defective and Plaintiff has not made any request for relief in an alternative manner.

7

21. **IN REPLY:** Plaintiff has pleaded 3 separate counts and named there separate Defendants, and in doing so Plaintiff has not identified what count or counts are specific to which specific Defendant and further, Plaintiff has failed to assert a separate demand for relief that is reasonable specific for each count or has merely set forth only a bare-bones outline of a claim: (a) In the Count I prayer for relief Plaintiff claims a "transfer" by the Plaintiff "to, or for the benefit of, " be avoided … then names each Defendant ….. and then prays to "recover from said Defendants" a judgment. This is not only vary confusing back also lacking any specific identification that would allow each Defendant to actually know what each Defendant would need to be responding too.

22. **IN REPLY:** In ruling on a motion to dismiss, the Court takes "information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n.1 (7th Cir. 2012); *Brisco v. United States* (*In re Brisco*), 486 B.R. 422, 427 (Bankr. N.D. Ill. 2013) (Schmetterer, J.) ("A court may take judicial notice of matters of public record, including public court documents, without converting a Rule 12(b)(6) motion into a motion for summary judgment.") (*citing Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

23. **IN REPLY:** Defendants ask the court to take judicial notice of the Complaint (which is the amended Complaint) which has no exhibits so Defendants Motion To Dismiss is simply related to that 6 page Complaint and nothing more.

**Count I: Avoidance and Recovery of Preference: 11 U.S.C. 547(b), 11 U.S.C. § 550(a) should be dismissed against all Defendants for failure to state a claim in which relief can be granted.**

24. **IN RESPONDING:** Plaintiff admits in responding that (page 2 last paragraph), bulk-filed preference complaints that make conclusory allegations, merely reciting that statutory provisions of Section 547 are, and should be, dismissed. Then all Plaintiff does (page 2 last paragraph – page 3 first paragraph), is make conclusory allegations that merely recite statutory authority. So by Plaintiff's own Response Plaintiff admits the Complaint fails to

properly state a claim for which relief can be granted.

*Transfer of An Interest of The Debtor in Property*

25.   **IN RESPONDING:**   Plaintiff states Count I sets forth a proper claim for a preference action.

26.   **IN REPLY:**   In In re marchFirst, Inc., 2010 WL 4027723, at *5 (Bankr. N.D. Ill. Oct. 14, 2010), the Court observed that the phrase "an interest of the debtor in property" refers to "property that would have been 'property of the estate' had it not been transferred." "Generally, property belongs to the debtor for purposes of § 547 if its transfer will deprive the bankruptcy estate of something which could otherwise be used to satisfy the claims of creditors." Danning v. Bozek (In re Bullion Reserve of N. Am.), 836 F.2d 1214, 1217 (9th Cir. 1988).

27.   **FURTHER REPLYING:**   Plaintiff merely makes conclusory allegations that merely recite statutory authority and does not show on the Complaint itself how the alleged transfer would have been property of the estate had it not been transferred or that the bankruptcy estate is deprived of something it could have used to satisfy the claims of creditors.

*(Transfers need to be made for the Benefit of the Creditors on an account of an antecedent debt owed by the debtor before such transfer was made.)*

28.   **IN REPLY:**   Section 101(10) of the Bankruptcy Code provides that the term creditor means "(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A).  Plaintiff has not set forth any circumstances that would put any of the Defendants specifically on notice that there would be a claim against any said specific Defendant.  Plaintiff merely casually claims a debt arose. What was the amount of the debt?  Was the "transfer" a full payment? Partial payment? Was a debt still owed?  Plaintiff gives no information.

*(The "Transfer" would need to be made while the Debtors were Insolvent)*

29. **IN REPLY:** The Bankruptcy Code defines "insolvent" as follows: (A) with reference to an entity other than a partnership and a municipality, financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair evaluation, exclusive of–(i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title. 11 U.S.C. § 101(32)(A).

30. **FURTHER REPLYING:** Plaintiff makes no statements and offers no proof as to the fair market value of any property of the Plaintiff, does not allege what property may be exempted from property of the estate under section 522. In fact if the court takes judicial notice of the debtors schedule C the court will see the alleged $14,000 transfer has NOT been exempted.

*Plaintiff needs to show Defendant received more than they would if the transfer had not been made)*

31. **IN REPLY:** Review of the claims registry shows an IRS priority claim of $14,059.38, claim from 1110 Lake Shore Condo Association for $28,562.12 as secured, Cook County Recorder secured for $10,650.60 and Illinois Department of Revenue as a priority for $3,330.07. The alleged preference claim appears to be the only asset available for distribution to creditors. The $14,000 alleged claim less scheduled priority claims would not pay unsecured creditors even one penny. Thus Plaintiff fails to establish Defendants would have received more then they would if the transfer was made and to the contrary establish the opposite.

**Count I: Avoidance And Recovery of Preference: 11 U.S.C. § 547(b) and § $550(a) should be dismissed against all Defendants As Plaintiff's Complaint Seeks to Recover Non Exempt Property For The Benefit of the Debtor And Not For the Benefit Of The Estate.**

32. Under Count I of the Amended Complaint any alleged specific claim only references Defendant J Kevin Benjamin and not any other Defendant. Defendants Theresa

Benjamin and Defendant Benjamin Brand LLP are only referenced in paragraph 16 and 17 where Plaintiff claims a debt was owed to Defendants. In paragraph 17 Plaintiff conclusory claims a payment was made for the benefit of all Defendants without any detail or factual support.

33. However in paragraph 14 and 15 the Plaintiff alleges that Plaintiff Paid Defendant J. Kevin Benjamin (only) and references an exhibit A that is not attached to any complaint as the amended complaint specifically seemed to discard any exhibit as part of the complaint filed by the Plaintiff. There is no evidence to support that any payment was made to Theresa Benjamin or Benjamin Brand LLP as by the Plaintiff's own admission in paragraph 14 of the Amended Complaint it specifically indicates that NO PAYMENT was made to Benjamin Brand LLP or Theresa Benjamin. Therefore as to Defendants Benjamin Brand LLP and Theresa Benjamin there can be no preference to avoid or recover since no payment was even alleged to have been made to Benjamin Brand LLP or Theresa Benjamin nor did Theresa Benjamin or Benjamin Brand LLP receive any payment from Plaintiff for their benefit that went into any account of Defendants Benjamin Brand LLP or Theresa Benjamin.

34. Therefore the Amended Complaint does not state any claim against Defendants Theresa Benjamin or Benjamin Brand LLP that either of those Defendants could even attempt to file an answer or figure out what the debtor is talking about in relation to any preference claim against either of them.

35. In Response the Plaintiff (page 2 paragraph 4) admits that conclusory allegations that merely recite the statutory provisions of 11 U.S.C. 547 are and should be dismissed. Defendants agree. In fact Plaintiff in further responding goes on to do just that and the Response appears to be simply a form reciting statutory elements with bare legal conclusions and no individualized details. Contrary to the requirements set forth in *Twombly, Iqbal* and their progeny, the Complaint here contains no well-pleaded factual allegations and is merely a

11

series of hollow recitations of the basic elements of avoidance causes of action.

36. In fact the Seventh Circuit requires a plaintiff to establish one more element for its prima facie case - that the transfer resulted in a diminution of the bankruptcy estate of the debtor. *See Warsco*, 258 F.3d at 564 ("Courts considering this element of the preference provision have focused on whether the transfer diminished the debtor's estate."); *In re Smith*, 966 F.2d 1527, 1535-36 (7th Cir. 1992) ("But courts have also long held that to be avoidable, transfers must result in a depletion or diminution of the debtor's *estate*."). In the case at hand the Plaintiff has not even alleged this fact in the Amended Complaint or its Response.

37. There is no evidence establishing the alleged amount owed by Plaintiff to any of the Defendants, when the Plaintiff checks cleared. The court therefore cannot determine the extent to which Plaintiff would have been able to withhold payment to any of the Defendants, and thus the extent to which the Plaintiff cannot prove a diminution of the bankruptcy estate resulting from the transfer.

38. Plaintiff must include specific information regarding the transactions between the Defendants and Plaintiff. Specifically, the complaint must include: (i) the amount of the debt; (ii) an identification of each transfer applied towards payment of the debt; (iii) the name of the debtor making the payment; (iv) the name of the creditor receiving the payment; and, (v) the date and amount of each individual payment. It is not enough if the plaintiff includes in the complaint only the elements of a preference claim as spelled out in the Bankruptcy Code.

39. For example the Plaintiff states that a payment was made to Defendant and that payment was for an antecedent debt. But Plaintiff does not state what the antecedent debt was for? How much was the antecedent debt? Is there a balance due? No particulars were stated in the Amended Complaint or the Response. Just conclusory allegations.

40. Further Property must belong to the debtor Plaintiff. Begier v. IRS, 110 S.Ct. 2258 (1990) (trust fund tax payments from debtor's general accounts were transfers of property

12

held in trust and therefore cannot be avoided as preferences). A payment by a third party on behalf of debtor does not qualify. See Building Dynamics, Inc. v. Grisope Elec. Co., 134 B.R. 715 (Bankr. W.D. N.Y. 1992)(debtor contractor's payment of contract proceeds to subcontract not voidable because, under state law, proceeds were held in trust for the subcontractor and, hence, were not "property of the estate"). Yet the Plaintiff in the Amended Complaint and Response does not show any evidence of the alleged payment. What form, who paid it? Where did it come from?

41. Defendants are asking the Court to take judicial notice of the Amended Complaint itself that was filed with no exhibits and to which Count II of that Amended Complaint (a) makes no reference as to which particular Defendants it is complaining about in its heading; (b) in the body Count II only mentions Defendant J. Kevin Benjamin and does not reference Defendant Theresa Benjamin or Benjamin Brand LLP at all; (c) makes no reference as to what the "debt" is that would be owed by any Defendant to Plaintiff and in relation to the amount stated in Count II; (d) makes no factual allegations as to why Plaintiff, and not the estate, would be entitled to any alleged undefined debt; (e) makes no reference to why the estate would be entitled to any unspecified and alleged debt; (f) makes no reference as to why any alleged unspecified alleged debt would be exempt property that Plaintiff would be entitled to claim.

42. In the matter of In re William W. Yotis, III, 14 B 02689, 14 A 00321, Judge Judge Jack B. Schmetterer, in citing the standard under *Standard v. Nygren* said the standard to determine when dismissal is appropriate "where the lack of organization and basic

43. In its response Plaintiff tries to cure this defect in its Amended Complaint by alleging that Plaintiff may have a cause of action under Section 548 of the Bankruptcy Code, but this does not correct its defective pleading which by its Response, Plaintiff admits it has no cause of action and no standing and has not properly pleaded. In fact there is a heightened

13

standard in pleading a fraud count (that Plaintiff did not even do in the complaint). The requirement for particularization and specificity in pleadings is dictated by Fed.R.Civ.P. 9(b), which requires that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." *Murr Plumbing, Inc. v. Scherer Brothers Financial Services Co.,* 48 F.3d 1066, 1069 (8th Cir. 1995); *Reynolds v. East Dyer Development Co.,* 882 F.2d 1249, 1251 (7th Cir. 1989); *Bennett v. Berg,* 685 F.2d 1053, 1062 (8th Cir. 1982). *See also Beck v. Cantor, Fitzgerald & Co.,* 621 F.Supp. 1547, 1551 (N.D.Ill. 1985) (highlighting pitfalls for unwary). Without an indication as to what the fraudulent statements were and the circumstances in which they were made, the count could not withstand a Rule 9(b) motion. *See also Jepson, Inc. v. Makita Corp.,* 34 F.3d 1321 (7th Cir. 1994) (complaint made general allegations of fraud but failed to allege particulars); *Baldi v. Carey (In re Estate of Royal),* 289 B.R. 913, 918 (N.D.Ill. 2003) ("The plaintiff must identify particular statements and actions and specify why they are fraudulent."); *Unimobil 84, Inc. v. Spurney,* 797 F.2d 214 (5th Cir. 1986) (general allegations that fail to state with particularity what representations were made to plaintiff by each defendant fail to comply with Rule 9(b)). Rule 9 must be read in conjunction with the requirement of Fed.R.Civ.P. 8 that the complaint contain a short and plain statement of the claim for relief.

44. Debtor makes no allegation that bankruptcy rule 7001 is even applicable in this matter either and of course Count III again makes no factually supported allegations against TB or BBLLP

**Count III: Debtor's Transactions with Attorneys should be dismissed against all Defendants for failure to state a claim in which relief can be granted.**

45. As stated previously Bankruptcy Rule 7001 governs adversary proceedings and states 10 specific claims that can be filed as adversary proceedings. Debtor does not even allege in Count

14

III that this Count III is even related to a proceeding under Rule 7001 related to adversary complaints and thus should be dismissed as to all defendants.

WHEREFORE, Movant respectfully requests that this Honorable Court enter the attached proposed order: (a) granting this Motion to Dismiss with prejudice; (b) to have and such other and further relief as the nature of this case may require as is just.

Dated this 13th Day of November, 2015

Respectfully submitted,

By: /s/ J. Kevin Benjamin
Attorney for Defendants

J. Kevin Benjamin, Esq.
Benjamin | Brand | LLP
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone: (312) 853-3100
ARDC #: 6202321