United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br>Faye T. Pantazelos<br>            Debtor. | Bankruptcy No. 15-bk-8916 |
| Faye T. Pantazelos,<br>            Plaintiff<br>v.<br>J. Kevin Benjamin, Theresa Benjamin,<br>and Benjamin Brand LLP,<br>            Defendants. | Adversary No. 15-AP-00314<br><br>Chapter 13 |

## MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P 12(B)(1) AND 12(B)(6)

This adversary proceeding arises out of and relates to the chapter 13 case of Faye T. Pantazelos (the "Debtor" or the "Plaintiff"). Debtor's Amended Complaint seeks recovery of compensation paid to Defendant on account of legal services rendered prior to the filing of the instant bankruptcy proceedings pursuant to sections 547, 550, 542 and 329 of the Bankruptcy Code. Before the Court for ruling is the motion of J. Kevin Benjamin, Theresa Benjamin, and Benjamin Brand LLP (collectively, the "Defendants") to dismiss Debtor's Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim for relief pursuant to Rule 12(b)(6). Fed. R. Civ. P. 12(b)(1) and (b)(6) (made applicable by Fed. R. Bankr. P. 7012).

For the reasons stated below, Defendant's Motion to Dismiss will be denied by separate order.

### I. BACKGROUND

#### A. PROCEDURAL HISTORY

On April 12, 2015, the Debtor filed the instant adversary proceeding against the Defendant (Dkt. #1). The Amended Complaint was filed on May 21, 2015 (Dkt. #5).

1

Defendant filed a Motion to Extend time to Answer on June 11, 2015 (Dkt. #7) which was granted on June 29, 2015 (Dkt. #13). The Defendant filed its Motion to Dismiss on July 28, 2015 (Dkt. #14). A scheduling order was entered by this Court on July 28, 2015, setting a response date of August 18, 2015 and a reply date of September 15, 2015 (Dkt. #17). The Defendant filed a late reply on September 16, 2015 (Dkt. #20). On September 21, 2015, this Court entered an order striking the September 16th Reply Brief (Dkt. #20). Defendant filed a Motion to Extend time to file its reply on November 10, 2015 (Dkt. #32) which was granted on November 13, 2015. Defendant's Reply was filed on November 13, 2015 (Dkt. #36).

## B. FACTS ALLEGED IN THE COMPLAINT

**The Prior Bankruptcy Cases:**

The Plaintiff alleges as follows: Debtor employed the Defendant as her bankruptcy counsel for a prior case filed under chapter 13, No. 13-BK-29200, filed before this Court on July 22, 2013 ("Case 1"). Case 1 was dismissed on November 5, 2014. Before dismissal, on July 22, 2013, Defendant filed a Disclosure of Compensation with this Court indicating that he had been paid $423.00 in fees for services to be rendered in the case. After dismissal of Case 1 for failure to make plan payments, the Defendant filed a Notice of Motion on Application for Attorney Fees and an Amended Application for Compensation for Representation Chapter 13 Debtor(s) before this Court on November 13, 2015 seeking compensation of $14,870.20. The November 13, 2015 Application was not granted, as Case 1 was already dismissed and no funds were held by the Trustee to be the source of the requested payment.

Debtor again employed the Defendant as her bankruptcy counsel in a chapter 11 proceeding, No. 13-BK-01419, filed before this Court on January 15, 2013 ("Case 2").[1]

---

[1] The Debtor does not plead facts relating to the dismissal of Case 2. However, upon inquiry into the Court docket, the United States Trustee's Motion to Dismiss, filed April 18, 2013, alleged that the Debtor

2

Also on January 15th in Case 2, Defendant filed a Disclosure of Compensation with the Court indicating that he had been paid $6,000.00 in fees for services to be rendered in that case.

The Debtor/Plaintiff filed the instant chapter 13 bankruptcy petition on March 13, 2015 with new counsel. Debtor's former bankruptcy counsel and his law firm are the Defendants in this adversary proceeding. Debtor's Amended Complaint seeks from the Defendants recovery pursuant to sections 547, 550, 542 and 329 of the Bankruptcy Code for funds paid to the Defendants relating to Case 1 and Case 2.

**Count 1: Avoidance and Recovery of Preference: 11 U.S.C. § 547(b), § 550(a):**

Count 1 pleads that on December 16, 2014, the Debtor/Plaintiff paid the Defendant $14,000.00. December 16, 2014 is within 90 days of the instant bankruptcy filing. The $14,000.00 check was on account of legal services rendered or to be rendered in Case 1, and thus was payment on an antecedent debt. The Debtor/Plaintiff made the payment while insolvent and it enabled the Defendant to receive more than it would have received under the Bankruptcy Code.

**Count 2: Recovery of Money Owed to the Estate, 11. U.S.C. § 542(b):**

After the dismissal of Case 1, Defendant told the Debtor to pay him $4,000.00 in order to cure the default cited by the Trustee in his motion to dismiss that case. Debtor obtained a cashier's check for $4,000.00 on November 24, 2014 made out to Defendant. The payment was made on account of a false representation constituting fraud by the Defendant. Defendant falsely represented to Defendant that payment of the $4,000.00 would cure the default in Case 1. Defendant knew the case had already been dismissed but made the statement knowing that the Debtor would rely on the statement and issue the payment, which the Debtor did. Thus, the Defendant obtained the payment from

---

failed to file timely monthly operating reports and failed to timely obtain counsel. Dkt. # 47. The Motion was granted on May 21, 2013. Dkt. #56.

the Debtor without legal justification and therefore converted the funds for his own benefit.

**Count 3: Debtor's Transactions with Attorneys:**

Defendant received $6,000.00 in advance of Case 2. No motion to employ was entered or fee application granted in Case 2. Defendant retained the funds which allegedly exceed the value of the services provided by the Defendant to the Debtor.

## II. APPLICABLE STANDARDS

The Defendant asserts two bases for dismissal with prejudice. First, that this Court lack subject matter jurisdiction under FRCP 12(b)(1) because the Plaintiff lacks standing to bring the suit and that the ruling in *Stern v. Marshall* divests this Court of jurisdiction. Second, the Defendant argues that the Plaintiff has failed to state a claim for relief pursuant to Rule 12(b)(6).

Specifically, the Motion to Dismiss seeks dismissal for the following reasons:

1. Dismissal of all Counts pursuant to FRCP 12(b)(1) for lack of standing: Count I: ¶4-11; Count II: ¶27-28;[2]
2. Dismissal of Count I pursuant to the holding in *Stern v. Marshall* ¶12-17; and
3. Dismissal pursuant to FRCP 12(b)(6) for failure to state a claim for relief: Count I: ¶18-26; Count II: ¶29-30; Count III: ¶33-34.

### A. STANDARDS ON RULE 12(B)(1) MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. *Settlers' Hous. Serv. v. Schaumburg Bank & Trust Co. (In re Settlers' Hous. Serv.)*, 540 B.R. 624, 630 (Bankr. N.D. Ill. 2015) (Schmetterer, J.). Whether or not a plaintiff has standing to bring a lawsuit is a jurisdictional requirement which may be challenged through a motion made pursuant to Rule 12(b)(1). *Apex Digital, Inc. v. Sears,*

---

[2] For Count III, no argument is made, although Heading G reads: "Count III of the Complaint Should be Dismissed Because the Plaintiff has No Standing to Bring Non-Disclosed Claims Against the Defendants."

4

*Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). When resisting a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists for his or her claims. *Id.* at 443; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

"When considering a challenge to standing at the pleading stage, the court must determine whether the challenge is a facial or factual challenge, or both." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003); *Apex*, 572 F.3d at 443-45. A facial attack determines whether the "the plaintiff has sufficiently alleged a basis of subject matter jurisdiction" while "a factual challenge lies where the 'complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.'" *Apex*, 572 F.3d at 443-444 (citing *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If it is a facial attack, the court must take all well-pleaded facts as true and construe the pleadings and all reasonable inferences drawn from the pleadings in a light most favorable to the non-moving party. *Commodity Trend Service, Inc. v. Commodity Futures Trading Com's*, 149 F.3d 679, 685 (7th Cir. 1998). On the other hand, courts may look beyond the complaint when a defendant brings a factual attack against jurisdiction. *Apex* 572 F.3d at 444.

In the instant case, the Defendant does not challenge the veracity of the facts alleged in the Amended Complaint. Instead, the Defendant's arguments are facial as he asserts that the Amended Complaint fails to allege sufficient facts to support subject matter jurisdiction. Therefore, the Court must take all well-pleaded facts as true and construe the pleadings in a light most favorable to the non-moving party, the Debtor.

### B. STANDARDS ON RULE 12(B)(6) MOTION TO DISMISS

To survive a motion to dismiss under Rule 12(b)(6): "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

5

relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The issue is "whether it has pleaded a cause of action sufficient to entitle it to offer evidence in support of its claims." *Spiers Graff Spiers v. Menako (In re Spiers Graff Spiers)*, 190 B.R. 1001, 1006 (Bankr. N.D. Ill. 1996) (Schmetterer, J.). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (ellipsis in original). Dismissal with prejudice is only appropriate if it appears that no set of facts could entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court must consider both pleaded facts and reasonable inferences drawn from pleaded facts in a light most favorable to Plaintiff when reviewing the Defendant's motions to dismiss. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

### III. DISCUSSION

#### A. SUBJECT MATTER JURISDICTION LIES TO HEAR AND ADJUDICATE THIS PROCEEDING.

Because a lack of subject matter jurisdiction would preclude further consideration, Defendant's jurisdictional challenge under Fed. R. Civ. P. 12(b)(1) must be examined. First, does the Court have jurisdiction to adjudicate the proceeding or is it precluded by the ruling in *Stern v. Marshall*? Second, does the Plaintiff have standing to bring her suit? Without standing, there would be no basis for subject-matter jurisdiction, the claims cannot proceed and must be dismissed. Fed. R. Civ. P. 12(b)(1).

6

1. *Stern does not require dismissal of Count I.*

Bankruptcy courts are courts of limited jurisdiction and derive their ability to hear and determine bankruptcy cases, matters and proceedings from the district courts. Section 1334 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). While § 1334 sets forth jurisdiction of the district courts, 28 U.S.C. § 157(a) enables district courts to refer all such cases and proceedings "to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Pursuant to Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, such matters have been referred to the bankruptcy judges of this District.

"The manner in which a bankruptcy judge may act" in a proceeding "depends on the type of proceeding involved." *Stern v. Marshall*, 131 S. Ct. 2594, 2603 (2015). A bankruptcy judge may enter a final judgment in any core proceeding arising under title 11 or arising in a case under title 11, 28 U.S.C. § 157(b)(1), as long as there is no "constitutional impediment." *Enesco Grp., Inc. v. Campanaro (In re Enesco Grp., Inc.)*, 2013 Bankr. LEXIS 3272, 2013 WL 4045756, at *6 n.6 (Bankr. N.D. Ill. Aug. 8, 2013) (Goldgar, A.B.) (citing *Stern*, 131 S. Ct. at 2605). In a proceeding "related to" a bankruptcy case, however, the judge can only propose findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c). The district court must then enter any final judgment. *Id.* The only exception is when the parties consent to the entry of judgment by the bankruptcy judge. 28 U.S.C. § 157(c)(2); see *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1939 (2015).

The Defendant asks this Court to dismiss the Amended Complaint for lack of subject matter jurisdiction based on the United States Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594. In *Stern*, a creditor filed an unliquidated proof of claim and asserted a defamation claim in the bankruptcy case. The debtor thereafter filed a state law counterclaim against the creditor for tortious interference. The bankruptcy judge

7

determined that the debtor's counterclaim was a core proceeding and proceeded to award damages to the debtor. The Supreme Court held that while the bankruptcy court had the statutory authority to enter a final judgment on the debtor's counterclaim, it lacked the constitutional authority to do so under Article III of the Constitution. *Stern*, 131 S.Ct. at 2608. Similarly, *Stern* held that the "state law counterclaim for tortious interference was independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim [for defamation] in bankruptcy." *Id.* at 2611. The opinion explained that the debtor's claim was "in no way derived from or dependent upon bankruptcy law . . . ." *Id.* at 2618.

Here, the Defendant relies on *Stern* for its assertion that the bankruptcy court lacks subject matter jurisdiction to hear or determine the Debtor's claims and thus the Amended Complaint should be dismissed. Contrary to the Defendant's broad reading of *Stern*, that decision does not implicate subject matter jurisdiction. *Stern* reasoned that "[s]ection 157 allocates the authority to enter final judgment between the bankruptcy court and the district court. That allocation does not implicate questions of subject matter jurisdiction." *Stern*, 131 S.Ct. at 2607 (citation omitted). "*Stern* addresses the authority of bankruptcy courts to enter final judgment assuming that subject matter jurisdiction exists." *Levey v. Hanson's Window & Constr., Inc. (In re Republic Windows & Doors, LLC)*, 460 B.R. 511, 515 (Bankr. N.D. Ill. 2011) (Cox, J.).

Count I of the Amended Complaint is a preference claim under section 547 of the Bankruptcy Code, which gives the complainant the right to recover certain payments made shortly before this bankruptcy case was filed. 11 U.S.C. § 547(a). Preference claims only exist as a matter of bankruptcy law and involve an express bankruptcy provision. *Krol v. Key Bank N.A. (In re MCK Millennium Ctr. Parking, LLC)*, 532 B.R. 716, 719 (Bankr. N.D. Ill. 2015) (Cox, J.). In fact, the right of recovery under section 547 "promotes the 'prime bankruptcy policy of equality of distribution among creditors'" and "by providing for the recapture of last-minute payments to creditors, the avoidance power

8

reduces the incentive to rush to dismember a financially unstable debtor." *In re Smith*, 966 F.2d 1527, 1535 (7th Cir. 1992) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 177-78 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5963, 6137-39).

Since a preference claim "stems from the bankruptcy itself" bankruptcy courts have authority to hear and determine preference actions pursuant to the holding in *Stern*. *Stern v. Marshall*, 131 S. Ct. at 2618; see e.g., *MCK Millennium Ctr. Parking, LLC*, 532 B.R. at 719-20 (after *Stern* bankruptcy courts have constitutional authority to determine preference actions); *Reid v. Presbitero (In re First Choice Drywall, Inc.)*, Bankr. No. 10-BK-10691, AP No. 12-A-00625, 2012 WL 4471570, at **2-3 (Bankr. N.D. Ill. September 25, 2012) (Schmetterer, J.) (same); *KHI Liquidation Trust v. Wisenbaker Builder Servs., Inc. (In re Kimball Hill, Inc.)*, 480 B.R. 894, 905 (Bankr. N.D. Ill. 2012) (Barnes, T.) (same); *Martino v. Miszkowicz (In re Miszkowicz)*, 513 B.R. 553, 556 (Bankr. N.D. Ill. 2014) (Cox, J.) (same); *Van Winkle v. 3Form, Inc. (In re Trainor Glass Co.)*, 2015 Bankr. LEXIS 148, *5, 72 Collier Bankr. Cas. 2d (MB) 1871 (Bankr. N.D. Ill. Jan. 14, 2015) (Doyle, C.) (same).

No language in *Stern* precludes jurisdiction in this case to hear or determine a preference suit even when a Defendant fails to file a proof of claim. The Defendant's quotation from *Stern* – "when the defendant in a preference lawsuit has 'not filed a proof of claim, the trustee's preference action [would] *not* become part of the claims-allowance process'" – is taken out of context and is inapplicable. Dkt. #14, ¶15 (internal quotation omitted). That section of the *Stern* opinion reasoned that when a creditor *does* file a proof of claim, it cannot then claim to be heard before an Article III Court. *Stern*, 131 S. Ct. at 2616. This is not the case here, and neither party has argued that the claims in the Amended Complaint should be heard by an Article III tribunal.

*Stern* did not hold that if a proof of claim is not filed, then there is no jurisdiction by the bankruptcy court to adjudicate a preference claim. It did not hold that if a cause of action fails to involve the claim allowance process and instead seeks to "augment the bankruptcy estate" that the bankruptcy judge lacks jurisdiction. Instead, "[the]

bankruptcy court may enter final orders on preference claims regardless of whether a proof of claim had been filed because the proceeding 'stems from the bankruptcy itself'" and would thus otherwise not "exist[] without regard to any bankruptcy proceeding." *In re Kimball Hill, Inc.*, 480 B.R. at 904-905; *Stern* 131 S.Ct. at 2618.

Defendant argues that the preferential transfer claim, although "core," is a *Stern* claim, and thus this Court is powerless to even hear the matter. Dkt. #14 ¶16 and 17. If an action is a *Stern* claim, this Court must submit proposed findings of fact and conclusions of law instead of rendering a final judgment on the matter. Stern 131 S. Ct. at 2608. Defendant argues that if a claim is "core" but is also a *Stern* claim, that a bankruptcy court not only cannot issue a final determination on the matter, but cannot even hear the matter and submit proposed findings of fact and conclusions of law to the District Court. Defendant mistakenly reasons that bankruptcy courts may only submit proposed findings of fact if the matter is non-core pursuant to 28 U.S.C. § 157(c)(1) because there is no statutory equivalent for core matters. Dkt. #14 at ¶17. This argument was expressly rejected by the Supreme Court in *Executive Benefits Insurance. Agency v. Arkison*, 134 S. Ct. 2165 (2014). In *Executive Benefits*, the Court explained that Defendant's argument created a "gap" that "renders the bankruptcy court powerless." *Id.* at 2173. Instead, the Court found that "the statute permits *Stern* claims to proceed as non-core within the meaning of § 157(c)." *Id.* The Court explained,

> The plain text of this severability provision closes the so-called "gap" created by *Stern* claims. When a court identifies a claim as a *Stern* claim, it has necessarily "held invalid" the "application" of § 157(b) — *i.e.*, the "core" label and its attendant procedures — to the litigant's claim. Note following § 151. In that circumstance, the statute instructs that "the remainder of th[e] Act ... is not affected thereby." *Ibid.* That remainder includes § 157(c), which governs non-core proceedings. With the "core" category no longer available for the *Stern* claim at issue, we look to § 157(c)(1) to determine whether the claim may be adjudicated as a non-core claim — specifically, whether it is "not a core proceeding" but is "otherwise related to a case under title 11." If the claim satisfies the criteria of § 157(c)(1), the

10

>bankruptcy court simply treats the claims as non-core: The bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for *de novo* review and entry of judgment.

*Id.* Thus, even if the claims at issue in this case were *Stern* claims, this Bankruptcy Court would have authority to hear the proceeding and dismissal would be inappropriate. However, in this case, the preference suit is core and Defendant has shown no constitutional impediment preventing this Court's exercise of jurisdiction under *Stern*.

The Defendant's request to dismiss Count I pursuant to FRCP 12(b)(1) and *Stern v. Marshall* is therefore denied by separate order.

2. <u>Plaintiff has standing to pursue her claims before this Bankruptcy Court.</u>

Defendant argues that Plaintiff does not have standing to pursue the claims in the Amended Complaint because (1) the claims have been waived because there is no provision in the unconfirmed chapter 13 plan providing for pursuit of the claims and (2) the claims are property of the bankruptcy estate and can only be brought by the chapter 13 trustee.

i. **Debtor has standing to assert the claims.**

Chapter 13 grants the debtor possession of the bankruptcy estate's property. *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999). Section 541 defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "[A]ll legal or equitable interests" include "choses in action and other legal claims that could be prosecuted for benefit of the estate." *Cable*, 200 F.3d at 473 (citing *In re Smith*, 640 F.2d 888 (7th Cir. 1981) ("[a]ll causes of action become property of the estate under section 541.")).

Debtor listed two claims against the Defendant on Schedule B of her bankruptcy petition, filed March 13, 2015. Dkt. #1-3. Specifically, the claims are "for funds paid to

11

his account for transmittal to trustee in prior Chapter 13" for $4,000 and a "preference claim" for $14,000. Dkt. #1-3, Pg. 12. Plaintiff's claims against Defendant arose prior to the commencement of the bankruptcy proceedings and are potential "claims that can be prosecuted for the benefit of the estate;" thus the claims alleged in the Amended Complaint are property of the bankruptcy estate.

A "[chapter 13] debtor has express authority to sue and be sued" on behalf of the bankruptcy estate. *Cable*, 200 F.3d at 472. Federal Rule of Bankruptcy Procedure 6009 provides that "the trustee or debtor in possession may prosecute . . . any pending action or proceeding by . . . the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Fed. R. Bankr. P. 6009. Thus, a Chapter 13 debtor retains possession of the bankruptcy estate's property and has concurrent standing with the bankruptcy trustee to "pursue legal claims for the benefit of the estate and its creditors." *Rainey v. UPS*, 466 Fed. Appx. 542, 544 (7th Cir. 2012); *see also* Cable, 200 F.3d at 472. As long as the bankruptcy proceeding is pending, Plaintiff, as "a Chapter 13 debtor[,] can inform the trustee of previously undisclosed legal claims, and unless the trustee elects to abandon that property, may litigate the claims on behalf of the estate and for the benefit of the creditors without court approval." *Rainey*, 466 Fed.Appx. at 544. Because the Debtor/Plaintiff is permitted to pursue her claims on behalf of the bankruptcy estate as a debtor-in-possession, she has standing to pursue the claims alleged in the Amended Complaint.

### ii. There was no waiver of claims in Debtor's unconfirmed chapter 13 plan.

The Debtor's chapter 13 plan is not yet confirmed, and therefore its language does not have the same effect of a confirmed plan. Thus, Defendant's reliance on *Kimball Hill* is misplaced. 449 B.R. 767. Not only was *Kimball Hall* a chapter 11 case, whereas this is a chapter 13 case, but in that case the court was dealing with a confirmed plan. The instant case has not proceeded to confirmation yet. In *Kimball*, the confirmed plan

12

created a Liquidation Trust to assert claims. In this case, we have a Debtor seeking to assert claims. Importantly, the express language of the confirmed plan in *Kimball* that created the Liquidation Trust also limited debtor's ability to prosecute causes of action post confirmation. No such entity to prosecute on behalf of the Debtor is contemplated in this case. The instant adversary proceeding may therefore be prosecuted by the debtor in possession.

The Defendants in *Kimball* also argued that section 1123(b)(3)(B) of the Code required that the chapter 11 plan expressly provide for these causes of action. There is no chapter 13 corollary to § 1123(b)(3)(B), and it need not be decided if such requirements are imposed on a chapter 13 debtor or if so whether the claims on Schedule B would be sufficient, however, because the most recent plan filed by the Debtor on December 9, 2015 reads:

> The Debtor is the plaintiff in an adversary proceeding entitled Pantazelos v. Benjamin et al., Adv. No. 15 A 00314, pending in this District. The Debtor will turn over to the Trustee all non-exempt proceeds of any recovery in this adversary proceeding. The one-time payment of $18,000 in Section D is computed on the amount expected to be recovered in that adversary proceeding. If the recovery in that proceeding is more or less than the amount stated in Section D, the payment to the Trustee will be more or less, accordingly.

Dkt. #104.[3] Therefore the Debtor's Plan reserves, to the extent a reservation would be necessary, causes of action against the Defendant.

### B. APPLICATION OF RULE 12(B)(6).

Defendant argues that all counts should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). For the following reasons, the request shall be denied by separate order with respect to all counts.

---

[3] The Debtor's November 17, 2015 (Dkt. #92) proposed plan also provides for the prosecution of the claims against the Defendant. The proposed plans filed on March 27, 2015 (Dkt. #16) and August 7, 2015 (Dkt. #69) did not provide for the prosecution of such claims.

13

1. **Count I**

   Count I seeks to avoid a prebankruptcy transfer pursuant to § 547(b) and § 550. Section 547(b) provides a trustee may avoid any transfer on an interest in property of the debtor if the transfer meets four requirements. The transfer must be: (1) to or for the benefit of the creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; and (4) made within 90 days before the date of filing the petition. 11 U.S.C. § 547(b); *In re Superior Toy & Mfg. Co.*, 78 F.3d 1169, 1171 (7th Cir. 1996).

   The Complaint alleges that the transfer was (1) made for the benefit of the Defendant (2) on account of a debt owed by the Debtor to the Defendant from Case 1, (3) made while the Debtor was pursuing bankruptcy, indicting a lack of solvency, and (4) was made on December 16, 2014 which was within the 90 day period prior to the filing of the instant bankruptcy petition. Thus, the Debtor has alleged the elements necessary for a claim under § 547(b).

   Defendants' request to dismiss Count I pursuant to FRCP 12(b)(6) will therefore be denied.

2. **Count II**

   Section 542(b) provides that: "[A]n entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor." 11 U.S.C. § 542(b). "[A]n action is properly characterized as one for turnover where the trustee or debtor in possession is seeking to obtain [debts] of or owned by the debtor, as opposed to seeking property owed to the debtor." *Borock v. Turner Constr. Co. (In re Sardo Corp.)*, 1996 Bankr. LEXIS 766, *44 (Bankr. N.D. Ill. June 11, 1996) (Squires, J.) (finding that a breach of contract action was not properly pled as a motion for turnover). "Implicit in the concept of turnover is the idea that the property res itself being sought is clearly

property of (or owned by) the debtor but is not in the debtor's possession, but is in the possession of the defendant." *Id.*

Turnover is not a method to determine the disputed rights of parties. Instead, turnover "is intended as a remedy to obtain what is acknowledged to be property of the bankruptcy estate." *Krol v. Crosby (In re Mason)*, 386 B.R. 715, 721 (Bankr. N.D. Ill. 2008) (Squires, J.). Thus, a turnover action cannot be used as a tool to acquire property the debtor did not have a right to possess or use at the commencement of a case. *Solow v. Am. Airlines, Inc. (In re Midway Airlines)*, 221 B.R. 411, 458 (Bankr. N.D. Ill. 1998) (Squires, J.).

In this case, the Debtor "puts the cart before the horse." *DII Northwest LLC v. Carey (In re Nat'l Jockey Club)*, 451 B.R. 825, 830 (Bankr. N.D. Ill. 2011) (Hollis, P.). Like in *DII Northwest*, the "simple allegation of wrongdoing by Defendant ... does not create a legally enforceable obligation of the type contemplated by § 542(a). There is a difference between property potentially owed to a debtor and property owned by the debtor." *Id.* The Debtor has not alleged that the "debt" is clearly her property and is simply not in her possession. Instead, the Debtor alleges that the Defendant obtained the money improperly, alluding to possible fraud.

The Complaint does not explicitly seek relief under § 548 or any other fraud provisions. Debtor's Response Brief argues more clearly that the Defendant defrauded the Debtor. *Response*, Dkt. #19, Pg. 3. Generally, "arguments first made in the reply brief are waived." *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630-31 (7th Cir. 2007) (citation omitted). However, it may be that Debtor simply mischaracterized the nature of Count II in her Amended Complaint by labeling it a claim for turnover pursuant to § 542(b). "[U]nder Rule 8(a)(2) it is not necessary that the plaintiff set forth the legal theory on which he relies if he sets forth sufficient factual allegations to state a claim showing that he is entitled to any relief which the court may grant." *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978). Additionally, "[t]he complaint need not

specify the correct legal theory nor point to the right statute to survive a Rule 12(b) motion to dismiss." *Whitehead v. AM Int'l*, 860 F. Supp. 1280, 1286 (N.D. Ill. 1994). But, "bare bones conclusory allegations" which "fail[] totally to allege the necessary elements of the alleged claims" will be insufficient." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989).

Rule 9(b) requires that fraud be pleaded with particularity, in contrast to the more liberal requirements of notice pleading. Rule 9(b) requires that a complaint alleging misrepresentation, the commonest kind of fraud, set forth the identity of the persons making a misrepresentation; the time, place, and content of the misrepresentation; and the method by which the misrepresentation was communicated to the plaintiff. *Bankers Trust Co. v. Old Republic Insurance Co.*, 959 F.2d 677, 683 (7th Cir. 1992). Put differently, a plaintiff must allege the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). In this case, the facts taken in the light most favorable to the Debtor as Plaintiff, establish a plausible claim for common law fraud. Debtor alleges that the Defendant misrepresented to the Debtor that by making the $4,000.00 she would be able to cure Case 1 even though the Defendant knew that the Case 1 had already been dismissed. Debtor goes on to allege that Defendant intended for Debtor to rely and that Debtor did in fact rely.

Thus, even though Count II's legal theory is mischaracterized, this Court is not "bound by the legal characterizations." *Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 183 (7th Cir. Ill. 1986). Therefore, Defendant's Motion to Dismiss is denied with respect to Count II.

3. **Count III**

Count III seeks recovery of legal fees paid by the Debtor to the Defendant on account of Case II. Although not cited in the Complaint, it is clear that the Debtor is seeking relief under 11 U.S.C. § 329 of the same name "Debtor's Transactions with

16

Attorneys."[4] Section 329(b) requires that an attorney return compensation that "exceeds the reasonable value of services" rendered even if there was an agreement otherwise. 11 U.S.C. § 329(b). Debtor alleges that Case II was filed on January 15, 2013 and was dismissed on May 2, 2013. The Debtor alleges that no motion to employ or fee application was granted by the Court in Case 2. The Defendant provides no supporting argument or reason as to why this section of the Complaint fails under FRCP 12(b)(6).

The Complaint pleads that the Debtor did make a payment to the Defendant for the Defendant's services as attorney. The Complaint also alleges that Case 2 was terminated in less than four months. Thus, these facts taken in the light most favorable to the Debtor as Plaintiff, establish a plausible claim for relief under § 329(b).

Defendants' request to dismiss Count III pursuant to FRCP 12(b)(6) will therefore be denied.

## CONCLUSION

For the aforementioned reasons, the Motion to Dismiss will be denied by separate order with respect to all counts.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated: JAN - 6 2016

---

[4] Debtor also references Section 329 in her Response. *Response*, Dkt. #19, Pg. 3.

15 A 00314
In re: Pantazelos v. Banjamin, et al.

# CERTIFICATE OF SERVICE

I, Dorothy Clay, certify that on \_\_\_\_\_JAN – 6 2016\_\_\_\_\_, I caused to be served copies of the foregoing document to the following by electronic service through the Court's CM/ECF system or regular U.S. mail:

_____
Judicial Assistant/Deputy Clerk

## Electronic Service through CM/ECF System

| | |
|---|---|
| David P. Lloyd | J Kevin Benjamin, Esq. |
| David P. Lloyd, Ltd. | Benjamin & Brand LLP |
| 615B S. LaGrange Rd. | 1016 W. Jackson Boulevard |
| LaGrange, IL 60525 | Chicago, IL 60607-2914 |
| Counsel for Plaintiff | Counsel for Defendant |